**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Daniel Ayer</u>

        v.                                    Civil No. 14-cv-261-JL

<u>Robert Heath et al.</u>[1]


**REPORT AND RECOMMENDATION**


        Daniel Ayer, an inmate at the New Hampshire State Prison
("NHSP"), has filed claims asserting negligence and civil rights
violations, pursuant to 42 U.S.C. § 1983 and state tort law.
The complaint[2] is before this Magistrate Judge for preliminary
review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).  Also
before the Court for consideration are two motions for
preliminary injunction (doc. nos. 3 and 10) and an addendum to
those requests (doc. no. 11).

---

        [1]The Defendants named in this action are New Hampshire State
Prison ("NHSP") Warden Richard Gerry, and NHSP employees Robert
Heath and Rick Morrill.  The defendants are each sued in their
individual and official capacities.

        [2]The complaint in this matter is construed to consist of:
the initial complaint (doc. no. 1); a complaint addendum (doc.
no. 12-1), filed separately; and the factual assertions
contained in plaintiff's motions for preliminary injunction
(doc. nos. 3, 10 and 11).

## PRELIMINARY REVIEW

### I.   Standard

This Court reviews pleadings filed by incarcerated plaintiffs, and may dismiss claims asserted therein, if they seek monetary relief against a defendant who is immune from such relief, are frivolous, or fail to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b).  In determining whether a pro se pleading states a claim, the Court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the Court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

### II.  Background

A.   Working Conditions

Since 2004, Ayer worked in the prison kitchen.  Behind and to the left of his work station was what Ayer believed to be a "shut off valve" beneath the floor, covered by an 8" brass plate.  At some time before May 22, 2012, the plate sunk,

2

creating a "hole" in the floor that was, at its deepest point, two-and-a-half inches deep.  On July 31, 2012, Ayer accidentally stepped into the hole and hurt his left foot.  He reported the incident to the Head Chef for his shift, Robert Heath.  On November 2, 2013, Ayer again stepped in the hole in the kitchen and hurt his right knee.

On July 31, 2012, and on other occasions over the next several months, Ayer asked Heath to have the hole fixed.  Heath told Ayer that he had told his own boss about the hole and filed a work order, and that was all he could do.  On November 15, 2013, the hole in the floor was temporarily covered with a mat.  On December 15, 2013, a metal plate was screwed into the floor over the hole.

Ayer asserts that NHSP Warden Richard Gerry inspects the kitchen twice a year, including on May 22, 2012.  Ayer believes that Gerry should have seen the hole at that time.  In December 2013, after Ayer was injured the second time, Ayer filed an "emergency grievance" with Gerry who told Ayer that he would change Ayer's workstation.  Ayer declined the offer.

B.  Medical Care

Ayer went to sick call on August 1, 2012, the day after he

3

injured his left foot.  Ayer was scheduled to see a physician on October 2, 2012, but it appears that he did not actually see a doctor until November 12, 2012.  On November 7, 2013, five days after he stepped in the hole the second time, Ayer went to sick call for treatment of his right knee.

From November 12, 2012, until Ayer filed this action in June 2014, Ayer was seen numerous times for his foot and knee injuries by various health care providers, including nurses, a physician, a physical therapist, a nurse practitioner, an orthopedic physician's assistant, and an outside orthopedic doctor.  To diagnose and treat his injuries, Ayer has been given physical examinations, x-rays, an MRI, medication, a walking boot, ankle and knee sleeves, shoe insoles, and physical therapy.

Ayer refused certain medical appointments with a nurse practitioner because he preferred to see a physician.  Ayer also declined a medical work pass and a change in workstation, and refused to consider cortisone injections suggested by one provider.

C.   Retaliation

Ayer sent a copy of his complaint in this matter to the

4

defendants, return receipt requested.  Ayer alleges that
defendants signed the receipt and received the complaint on June
13, 2014.  On that day, Ayer was told not to bother reporting to
work the next day.  Ayer discovered that he had been placed on
"reduced pay status," resulting in a loss of income and hours.[3]

Ayer asked Heath why he was fired from his job.  Heath
stated that Gerry had made the decision.  Ayer attempted to
contact Gerry but was not given a reason for his termination.

## III. Discussion

A.   Claims

The allegations in the complaint, liberally construed,
assert the following claims for relief[4]:

1.   Defendants (a) violated Ayer's Eighth Amendment
right to safe conditions of confinement, and (b) engaged in
negligence causing Ayer injuries, by failing to remedy a
known hazardous condition at Ayer's prison job site.

---

[3]Ayer was making $3.00 per hour, seven days a week at his
kitchen job.  On reduced pay status, he makes $.85 per hour,
five days a week.

[4]In his complaint, Ayer makes passing references to the EPA,
OSHA, and the New Hampshire Health Code.  Ayer does not discuss
how or even whether the alleged hazard complained of here
violates any statute or regulation in a manner that would
provide Ayer with a private cause of action.  To the extent Ayer
intends to state a claim based on such authorities, those claims
should be dismissed as insufficiently alleged.

    2.   Defendants violated Ayer's Eighth Amendment right to receive adequate medical care at the prison for Ayer's serious medical needs arising from injuries he sustained by stepping in a hole in the kitchen floor.

    3.   Defendants violated Ayer's First Amendment right to petition the government for a redress of grievances by removing him from his kitchen job, thus reducing his hourly pay and hours of work, in retaliation for filing this lawsuit.

B.   Eighth Amendment Job Site Claims (Claim 1(a))

The U.S. Constitution requires prison officials to take "reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).  To establish unconstitutionally dangerous conditions of confinement, an inmate must assert facts to demonstrate that, objectively, he was incarcerated "under conditions posing a substantial risk of serious harm," and that the involved prison officials actually knew of and disregarded the excessive risk to the inmate's safety.  Id. at 834.

Ayer alleges that the Defendants were aware of the hole and the need for its repair, and were also aware that he had hurt himself stepping into the hole.  Ayer has failed to allege facts showing that any defendant was subjectively aware of the risk of serious injury prior to Ayer's first injury; awareness that there was a hole in the floor, upon the facts alleged here, does

6

not generate a reasonable inference of subjective awareness of a
risk of serious harm relating to the hole.

Ayer has also not demonstrated that Defendants failed to
take action to remedy the risk once they were aware of the risk.
After his first injury, Ayer alleges, Heath filed a work order
and reported the hazard to his superior.  After the second
injury, when Ayer's grievances first notified Gerry that the
hole had injured Ayer, Gerry offered to transfer Ayer to another
workstation.  Ayer has alleged few specific facts concerning
Defendant Rick Morrill, the Head of Maintenance at NHSP, but the
failure to fix the hole as quickly as Ayer would have liked
fails to demonstrate that Morrill was deliberately indifferent
to a serious risk to Ayer's safety.  Accordingly, the District
Judge should dismiss Claim 1(a), numbered above.

    C.   State Law Claim (Claim 1(b))

Ayer asserts that Defendants' failure to promptly fix the
hole was negligent, and rendered the Defendants liable to him
under state tort law.  As Ayer has failed to state a federal
claim upon which relief could be granted concerning the hole,
the Court should decline to exercise its supplemental
jurisdiction, see 28 U.S.C. § 1367(c)(3), over the related state

7

law claims, numbered Claim 1(b) above.  The dismissal of the

state law claims should be without prejudice to Ayer asserting

the claim in an action in state court.

      D.   <u>Inadequate Medical Care (Claim 2)</u>

The Eighth Amendment protects an inmate from a prison

official's deliberate indifference to the inmate's serious

medical needs.  <u>See</u> <u>Farmer</u>, 511 U.S. at 831.  In order to state

a claim for the denial of adequate medical care, an inmate must

allege that he had a serious medical need for medical care and

that the defendant acted with deliberate indifference in denying

or delaying such care.  <u>See</u> <u>Leavitt v. Corr. Med. Servs., Inc.</u>,

645 F.3d 484, 497 (1st Cir. 2011).  To be deliberately

indifferent, "'the official must both be aware of facts from

which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference.'"  <u>Id.</u>

(quoting <u>Farmer</u>, 511 U.S. at 837).  Where an inmate's claim

"concerns not the absence of help, but the choice of a certain

course of treatment," he must demonstrate that the medical

attention he received was "'so clearly inadequate as to amount

to a refusal to provide essential care.'"  <u>Feeney v. Corr. Med.</u>

<u>Servs., Inc.</u>, 464 F.3d 158, 163 (1st Cir. 2006) (citation

omitted).

Here, Ayer asserts that he had a foot injury which was diagnosed at various times as a hyperextension, a sprain with some swelling, and a bone bruise; a knee injury[5]; and a second knee injury which he alleges was caused by his first knee injury.  Ayer alleges that these injuries caused him significant pain.  Assuming, without deciding, that Ayer has stated sufficient facts to demonstrate that his injuries constituted a serious medical need, he has failed to demonstrate that any named defendant acted with deliberate indifference to those needs.

Ayer has not demonstrated that delay in his medical care caused him preventable harm or a worsening of his underlying condition.  Further, Ayer has not alleged that any Defendant was actually aware of any risk of serious harm resulting from the described delay in care, and disregarded the risk.

---

[5]An April 2014 MRI report attached to the complaint demonstrates that Ayer had significant knee problems.  It is not clear that those difficulties, however, which involved prior surgery and osteoarthritis, resulted from Ayer stepping in the hole in the kitchen.  Because the court's recommendation does not rely on Ayer's demonstration of serious injury, however, the issue need not be resolved at this time.

Ayer's assertions amount to his disagreement with the
course of his medical care, received treatment, and recommended
treatment.  As noted above, Ayer has no right to medical care of
his choice, and has failed to demonstrate that the care he
received was "'so clearly inadequate as to amount to a refusal
to provide essential care.'"  Id.  Accordingly, the complaint
fails to state any plausible Eighth Amendment claim asserting
that defendants were deliberately indifferent to Ayer's serious
medical needs, and the District Judge should dismiss Claim 2,
numbered above.

       D.   <u>Retaliation</u>

To state a claim for retaliation for the exercise of First
Amendment rights, an inmate must allege: (1) that the conduct
which led to the retaliation was protected by the First
Amendment; (2) that he suffered adverse action at the hands of
the prison officials; and (3) that there was a causal link
between the exercise of his First Amendment rights and the
adverse action taken.  See <u>Hannon v. Beard</u>, 645 F.3d 45, 48 (1st
Cir. 2011).  De minimis reactions to protected speech are not
actionable.  See <u>Starr v. Dube</u>, 334 F. App'x 341, 342 (1st Cir.
2009).  An adverse act taken in response to protected conduct is

not de minimis, however, if it would deter an individual of
ordinary firmness from exercising First Amendment rights.  See
id.  To demonstrate causation, an allegation of "'protected
conduct closely followed by adverse action may justify an
inference of retaliatory motive.'"  Hodgens v. Gen. Dynamics
Corp., 144 F.3d 151, 168 (1st Cir. 1998) (citation omitted).
The court finds that Ayer has stated sufficient facts to assert
a First Amendment retaliation claim against both defendants
Heath and Gerry, and directs service of those claims in an order
issued this date.

  E.   Official Capacity Claims

  Section 1983 suits for damages against states, state
agencies, and state officers sued in their official capacities
are barred by the Eleventh Amendment unless the state has
expressly waived immunity.  See P.R. Aqueduct & Sewer Auth. v.
Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Negrón-Almeda v.
Santiago, 579 F.3d 45, 52 (1st Cir. 2009).  New Hampshire has
not waived its sovereign immunity for the claims asserted in
this action.  Accordingly, the claims asserted against
Defendants in their official capacities should be dismissed.

## **PRELIMINARY INJUNCTION**

"In assessing whether to grant or to deny a preliminary injunction, a district court must address four considerations: '(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest.'"  Thayer v. City of Worcester, No. 13-2355, 2014 WL 2782178, at *4 (1st Cir. June 19, 2014) (citation omitted). "'The [Supreme] Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.'" Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citation omitted).  Thus, where monetary compensation can fully remedy the harm sought to be avoided, that harm is not generally irreparable as legal remedies would be adequate to make plaintiff whole.

On June 11, 2014, and again on June 23, 2014, Ayer filed motions seeking an order from this court directing Defendants, among other things, to restore him to his kitchen job and not to

12

transfer him to a position with fewer hours and lower wages. Nothing in the requests indicates that, absent a court order, Ayer would suffer anything other than financial harm. As discussed above, an allegation of such potential harm, without more, is insufficient to demonstrate that irreparable harm will befall Ayer absent an injunction, or that legal remedies are inadequate to make Ayer whole. Accordingly, Ayer has not met his burden to show that he is entitled to a preliminary injunction, and the motions should be denied.

**CONCLUSION**

For the foregoing reasons, the court recommends as follows:

1.   All of the claims in the complaint, except the individual capacity First Amendment retaliation claims asserted against Heath and Gerry, of which the Court directs service in the Order issued simultaneously with this Report and Recommendation, should be dismissed from this action.

2.   All of the remaining claims in the complaint, and Defendant Morrill, should be dismissed from this action.

3.   The requests for preliminary injunctions (doc. nos. 3, 10 and 11) should be denied.

Any objections to this Report and Recommendation must be

filed within fourteen days of receipt of this notice.  <u>See</u> Fed.
R. Civ. P. 72(b)(2).  Failure to file objections within the
specified time waives the right to appeal the district court's
order.  <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57
(1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617
F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by
objections to magistrate judge's report are subject to review by
district court; issues not preserved by such objection are
precluded on appeal).


                              Andrea Johnstone
                              United States Magistrate Judge


July 28, 2014

cc:  Daniel Ayer, pro se


                              14