```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Daniel Ayer

    v.                                      Civil No. 14-cv-261-JL

Robert Heath et al.[1]

### **O R D E R**

Daniel Ayer, an inmate at the New Hampshire State Prison ("NHSP"), has filed this action asserting, pursuant to 42 U.S.C. § 1983, that Defendants violated his rights under federal and state law. The complaint[2] is before this Magistrate Judge for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1). Also before the court for consideration are the following motions, filed by Ayer: a motion (doc. no. 2) for leave to file an addendum to his complaint, and an addendum to that motion (doc. no. 12), which includes a complaint addendum

---

[1] The Defendants named in this action are New Hampshire State Prison ("NHSP") Warden Richard Gerry, and NHSP employees Robert Heath and Rick Morrill. The Defendants are each sued in their individual and official capacities.

[2] The complaint in this matter is construed to consist of: the initial complaint (doc. no. 1); a complaint addendum (doc. no. 12-1), filed separately; and the factual assertions contained in Plaintiff's motions for preliminary injunction (doc. nos. 3, 10 and 11).

(doc. no. 12-1); a motion (doc. no. 4) to appoint counsel; and a motion (doc. no. 14) to engage in discovery.[3]

## MOTION TO ADDEND COMPLAINT (Doc. Nos. 2 and 12)

The Court construes the motion to addend the complaint (doc. no. 2) and the addendum to that motion (doc. no. 12) as a motion to amend the original complaint (doc. no. 1) to include the additional claims set forth in the complaint addendum (doc. no. 12-1). The motion (doc. no. 2) is GRANTED. The Clerk's office is directed to docket the proposed addendum to the complaint (doc. no. 12-1) as a complaint addendum.

## MOTION TO APPOINT COUNSEL (Doc. No. 4)

In support of his motion for court-appointed counsel, plaintiff cites his indigency, his lack of a "solid understanding" of the law; his inability to adequately litigate this action; the complexity of the case; and the restraints on self-representation imposed by his incarceration. This court has discretion to deny an indigent plaintiff's request for appointed counsel, unless he shows that his case presents exceptional circumstances, such that fundamental unfairness,

---

[3]Ayer has filed a "Proposed Settlement Agreement" (doc. no. 13). No court action need be taken on that filing at this time.

impinging upon the right to due process, is likely to result if counsel is not appointed. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Here, Plaintiff has demonstrated an ability to present his claims clearly and cogently, and has not asserted any facts demonstrating the existence of exceptional circumstances to warrant the appointment of counsel. The motion (doc. no. 4) is therefore DENIED, without prejudice to refiling should circumstances arise that provide a basis for doing so.

### MOTION TO ENGAGE IN DISCOVERY (Doc. No. 14)

Ayer has filed a motion seeking discovery materials. Leaving aside any substantive or procedural issue presented by the filing, the motion is denied as premature, without prejudice to Ayer's seeking discovery in accordance with the Federal Rules of Civil Procedure and this courts Local Rules after defendants have appeared and answered the complaint.

### PRELIMINARY REVIEW – SERVICE ORDER

In a Report and Recommendation issued this date ("R&R"), the Court finds that Ayer has stated individual capacity First Amendment retaliation claims upon which relief might be granted

against Defendants Robert Heath and Richard Gerry.[4]  Accordingly, the Court directs service of the complaint on defendants Heath and Gerry.  The Clerk's office is directed to serve electronic copies of this Order, the R&R, and the complaint (doc. nos. 1, 3, 10, 11, and 12-1) on the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service.

Within thirty days from receipt of these materials, the AG must submit an Acceptance of Service notice to the court specifying whether all of the Defendants have authorized the AG to receive service on their behalf.  When the AG files the Acceptance of Service, service will be deemed made on the last day of the thirty-day period for all Defendants who accept AG representation.

If either Defendant does not authorize the AG to receive service on their behalf, or the AG declines to represent either or both of the Defendants, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of the Defendants who will not be represented by the AG.  In that event, the Clerk's office is

---

[4] In the R&R, the court recommends dismissal of the remaining Defendant and claims in the complaint.

instructed to complete and issue a summons for each Defendant, using the last known address provided, and forward the summonses, along with copies of this order and the complaint (doc. nos. 1, 3, and 10 - 12), to the United States Marshal for the District of New Hampshire, to complete service on those defendants in accordance with this Order and Fed. R. Civ. P. 4(c)(3) and 4(e).

    Defendants are instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A). Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to the Defendants or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

    SO ORDERED.

                                                Andrea Johnstone
                                                United States Magistrate Judge

July 28, 2014

cc: Daniel Ayer, pro se