**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Daniel Ayer

    v.                                                    Civil No. 14-cv-261-JL

Robert Heath et al.[1]

**REPORT AND RECOMMENDATION**

Presently before the court are:

- Plaintiff Daniel Ayer's motions (doc. nos. 29 and 39), seeking reconsideration of the August 18, 2014, Order (doc. no. 26);

- Ayer's motions seeking to amend the complaint (doc. nos. 30 and 36), along with complaint addenda that he filed unaccompanied by any motion (doc. nos. 17, 52, and 53);

- Ayer's motions and related filings seeking preliminary injunctive relief (doc. nos. 21, 27, and 32); and

- Ayer's motions seeking a default judgment (doc. nos. 41 and 42).

All of these filings, and related objections and memoranda, have been referred to the undersigned magistrate judge for a ruling or recommended disposition, as appropriate.

_____

[1]Defendants originally named in this action are New Hampshire State Prison ("NHSP") Warden Richard Gerry, and NHSP employees Robert Heath and Rick Morrill.  In an order issued August 18, 2014 (doc. no. 26), the district judge dropped Morrill from this action.

**Background**

The court completed its initial preliminary review in this
case on August 18, 2014, and also ruled on Ayer's initial
requests for preliminary injunctive relief in this action, by
issuing its August 18, 2014, Order (doc. no. 26) ("August 18
Order"), approving the undersigned magistrate judge's July 28,
2014, Report and Recommendation (doc. no. 15) ("July 28 R&R").
In approving the July 28 R&R, the court ordered defendant Rick
Morrill dropped from the case; dismissed claims other than those
which the court had allowed to proceed in its July 28, 2014,
Order (doc. no. 16); and denied the requests for preliminary
injunctive relief which were set forth in Document Nos. 3, 10,
and 11.  The claims allowed to proceed in this action – namely,
individual capacity First Amendment retaliation claims – were
served upon defendants Richard Gerry and Robert Heath, arising
out of factual allegations set forth in Document Nos. 1-3 and
10-12.  See July 28, 2014, Order (doc. no. 16).  The ensuing
discussion and the recommended order set forth in the conclusion
address all motions and complaint addenda filed by Ayer
currently pending before the court.

2

**Discussion**

I.   <u>Motions to Reconsider (Doc. Nos. 29 and 39) August 18 Order</u>

Ayer has moved to reconsider the August 18 Order.  "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly.  The moving party must either clearly establish a manifest error of law or must present newly discovered evidence."  <u>United States ex rel. Ge v. Takeda Pharm. Co.</u>, 737 F.3d 116, 127 (1st Cir. 2013), <u>cert. denied</u>, 135 S. Ct. 53 (2014).  Ayer neither presents newly discovered evidence nor establishes that the court made any manifest error of law.  Accordingly, the district judge should deny the motions to reconsider (doc. nos. 29 and 39) the August 18 Order.

II.   <u>Amendment of Complaint (Doc. Nos. 17, 30, 36, 52, and 53)</u>

A.   <u>Standard</u>

Ayer has moved to amend the complaint, and he has filed complaint addenda unaccompanied by any motion.  Rule 15 of the Federal Rules of Civil Procedure allow a party to "amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleadings is required, 21 days after service of a responsive pleading."  A party may be permitted to amend a pleading after

3

that time with leave of court.  Id. at 15(a)(2).  The court
"should freely give leave when justice so requires."  Id.  The
court may deny a motion to amend "for any adequate reason
apparent from the record," including futility of the proposed
amendment.  Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98
(1st Cir. 2007) (internal quotation marks and citation omitted).
In evaluating whether Ayer's proposed complaint amendments and
the complaint addenda state any plausible claim for relief, the
court applies the same standard applied in its initial
preliminary review of the original complaint, which is set forth
in the July 28 R&R.  See generally Adorno v. Crowley Towing &
Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (applying Fed. R.
Civ. P. 12(b)(6) standard to determine if proposed amendment is
futile).

        B.   Conditions of Confinement

        In seeking to amend his complaint, Ayer reasserts his
previously dismissed claim alleging that the hole in the kitchen
floor was a hazardous condition that violated his Eighth
Amendment rights.  To support his request to include the claim
in his complaint, Ayer now alleges that the three originally
named defendants to that claim: Rick Morrill, Richard Gerry, and

Robert Heath, were aware of the hole in the floor and its
ability to cause injuries before Ayer incurred his injuries.
Ayer's nonspecific, conclusory assertions do not sufficiently
expand on the factual information provided to the court in
Ayer's complaint documents to assert that the defendants were
deliberately indifferent to a substantial risk of serious harm
to Ayer.  Ayer's motion to amend the complaint (doc. no. 30) to
reassert that claim should accordingly be denied.

      C.   <u>Medical Care</u>

     In his requests to amend the complaint concerning his
allegedly inadequate medical care for his knees and foot, Ayer
essentially repeats the assertions made in his initial complaint
documents.  To the extent Ayer attempts to expand on those facts
by complaining about the medical care he has received since
filing this action, he fails to state any facts that give rise
to a claim upon which relief might be granted.  Ayer thus fails
to state any claim asserting a violation of the Eighth Amendment
relating to his knee and foot injuries, and Ayer's motions (doc.
nos. 30 and 36) and complaint addenda (doc. nos. 17, 52 and 53),
to the extent they seek to assert such a claim, should be
denied.

D.   Mental Health Care

Ayer seeks to amend his complaint to add a claim that he was denied adequate mental health care when, upon his request for one-on-one therapy from a particular provider at the prison, he was provided with a different type of therapy from a different provider.  Additionally, in connection with his claim regarding mental health, Ayer attempts to invoke the "Laaman Consent Decree," issued in Laaman v. Helgemoe, Civ. No. 75-cv-258 (D.N.H.).  Pursuant to a July 6, 2001, order approving a settlement agreement and stipulation of dismissal in that matter, see id. (Doc. No. 523), jurisdiction to enforce the consent decree rests exclusively in the state courts of New Hampshire.  No claim arising out of that consent decree may be asserted in this action.

Where an inmate's Eighth Amendment medical care claim "concerns not the absence of help, but the choice of a certain course of treatment," he must demonstrate that the medical attention he received was "so clearly inadequate as to amount to a refusal to provide essential care."  Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 163 (1st Cir. 2006) (internal quotation marks and citation omitted).  Ayer does not allege

6

that he was denied mental health care, only the mental health
treatment of his choice.  Accordingly, Ayer has failed to state
a claim for inadequate mental health care upon which relief may
be granted, and, to the extent it asserts such a claim, his
proposed addendum to the complaint (doc. no. 52), should be
denied.

      E.    <u>Kitchen Job</u>

Ayer seeks to amend his complaint to assert a claim that he
has recently been denied a kitchen job.  Ayer alleges that he
attempted to re-apply for a kitchen job in October 2014, but was
denied improperly.

Ayer's retaliation claim for improper denial of access to a
kitchen job has already been served on defendant Heath.
Accordingly, the court construes the proposed amendment as an
effort to add an independent claim to this action for the
alleged denial of a prison job in October 2014.  "[U]nless state
laws or regulations are to the contrary, prisoners have no
vested property or liberty rights to either obtain or maintain
prison jobs." <u>Dupont v. Saunders</u>, 800 F.2d 8, 10 (1st Cir.
1986).  Accordingly, Ayer has no freestanding liberty or
property interest in obtaining or maintaining any prison job,

and therefore, Ayer's request to amend the complaint (doc. no. 52) to add such a claim should be denied.

F.    Black Mold

Ayer alleges that while he was employed in the prison kitchen, prior to his termination in June 2014, he was exposed to "black mold" that he found growing in the kitchen.  Ayer alleges that the mold was growing on the floor, on the walls, and inside the walls in the kitchen.  Ayer and another inmate cleaned the mold with bleach.  When the mold returned, Ayer sent Heath an inmate request slip, stating that Ayer was neither properly certified, nor provided with proper equipment, to remove black mold, and that he was therefore concerned both that exposure to the mold could be hazardous to his health, and that improper removal of the mold could be hazardous to anyone who ate food prepared in the kitchen prison.  Ayer requested that the mold be tested and properly removed by qualified individuals.

Ayer received a response to his inmate request slip from Jon Hanson stating, "This area needs to be cleaned[;] inmates are paid to clean.  I will direct Bob Heath to oversee the cleaning."  Ayer file a grievance with Gerry, which was answered

by Major Jon Fouts, acting for Gerry, and then filed a grievance with New Hampshire Department of Corrections Commissioner William Wrenn, which was answered by Christopher Kench, acting for Wrenn.  The responses to the grievances expressed agreement with Hanson's response to Ayer's initial request.

In support of his claim that his Eighth Amendment right not to be exposed to hazardous prison conditions was violated, Ayer states that since being exposed to the mold, he has suffered from congestion, and a hacking cough that produces phlegm, mucus, and blood.  Ayer further asserts that those symptoms have persisted, despite treatment by prison medical staff.

Ayer's assertion that his Eighth Amendment rights were violated by his exposure to black mold in the kitchen, which is alleged to have subjected him to a substantial risk of serious harm, and caused him to suffer from symptoms of respiratory harm, is sufficient to proceed.  See Reid v. Nassau Cnty. Sheriff's Dep't, No. 13-CV-1192(SJF)(SIL), 2014 WL 4185195, at *14 n.14 (E.D.N.Y. Aug. 20, 2014) (collecting cases).  Given that the black mold claim, like the retaliation claim previously allowed to proceed in this case, concern defendant Heath, Ayer's relationships and interactions with kitchen staff and other

prison officials during the same time period, and the conditions of the kitchen itself up to the time when Ayer was terminated from his kitchen job, the black mold claim and the retaliation claim are properly joined in the same case.  Accordingly, in an order issued simultaneously with this report and recommendation, the court directs service of the pleadings, with respect to the black mold endangerment claim, on Heath, Hanson, Gerry, Fouts, Wrenn, and Kench.

III. Preliminary Injunction Motions (Doc. Nos. 21, 27, and 32)

In his pleadings before the court, Ayer seeks the court's reconsideration of Ayer's requests for injunctive relief which the court has previously denied.  Ayer also asserts at least one new basis for obtaining preliminary injunctive relief.  In considering these requests, the court applies the preliminary injunction standard set forth in the July 28, 2014, report and recommendation (doc. no. 15).

A.   Black Mold

Ayer seeks a court order directing prison officials to have the alleged "black mold" in the kitchen tested, so that its toxicity, and the safety of working in the kitchen can be

determined.  Ayer further requests that the court direct that
the substance be properly removed.

Ayer, however, has been terminated from his job in the
prison kitchen, and his efforts to return to a job in the
kitchen have been unsuccessful.  Further, Ayer has not alleged
nonspeculative facts sufficient to state a claim that the
improper removal of black mold in the kitchen subjects prisoners
in the general population (including Ayer) to any imminent
threat of irreparable harm.  Accordingly, Ayer has failed to
demonstrate that he is subject to an immediate threat of
irreparable harm if the prison is not ordered to deal with the
black mold prior to the resolution of this matter, as the facts
Ayer asserts show that he is not going to be exposed to that
substance in the foreseeable future.  Accordingly, Ayer's
request for a preliminary injunction (doc. nos. 21 and 27)
directing testing and removal of the black mold should be
denied.

B.   Remaining Requests for Preliminary Relief

Ayer has reiterated his previously denied requests for a
preliminary injunction directing prison officials to restore him
to his kitchen job.  Alternatively, Ayer asks that the court

direct the prison to restore him to the pay he received at the
prison job for the next ten years, while allowing him to
volunteer to perform other available jobs in the prison.  Ayer
also requests a court order directing the prison to provide:
cell feeds for all of his meals, so that he doesn't have to do
as much walking, which aggravates his injuries; that he be given
access to the weight room, which he has been denied because he
has a bottom bunk pass; and that he be protected from other
forms of retaliation.  The court previously found that Ayer
failed to demonstrate that he would be irreparably harmed if he
was not restored to his kitchen job or his prior pay status.
Ayer has failed to state any supplemental facts suggesting that
in the absence of preliminary injunctive relief, he will likely
suffer irreparable harm.  Accordingly, the district judge should
deny Ayer's requests (doc. nos. 21, 27, 29, and 32) therefor.

IV.  <u>Motion for Default Judgment (Doc. No. 42)</u>

Ayer has moved for a default judgment in this case,
although the clerk has not issued a notice of default, pursuant
to Fed. R. Civ. P. 55(a).  Ayer argues that defendants' deadline
to answer the initial complaint in this matter was September 5,
2014, and that, because the answer was not filed until September

16, 2014, default judgment should be entered against them.  For reasons explained in defendants' objection (doc. no. 27) to Ayer's motion for default judgment, however, the answer was timely filed pursuant to the court's July 28, 2014, Order (doc. no. 16).  Accordingly, defendants are not in default, and the motion for default judgment (doc. no. 42) should be denied.

### Conclusion

For the foregoing reasons, this court recommends that the district judge:

1.   Deny Ayer's motions seeking reconsideration of the court's August 18, 2014, Order, and related relief (doc. nos. 29 and 39);

2.   Deny Ayer's motions seeking preliminary injunctive relief, and related relief (doc. nos. 21, 27, and 32);

3.   Deny Ayer's motion for default judgment (doc. no. 42);

4.   Deny Ayer's motions to amend the complaint (doc. nos. 30 and 36).

5.   Dismiss, for failure to state a claim, all claims asserted in Ayer's complaint addenda (doc. nos. 17, 52, and

53), except to the extent that they assert the claim for Ayer's exposure to black mold, which this court ordered served in the Order issued simultaneously with this Report and Recommendation.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____

Andrea K. Johnstone
United States Magistrate Judge

December 2, 2014

cc:  Daniel Ayer, pro se
     Megan A. Yaple, Esq.
     Nancy J. Smith, Esq.