```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Daniel Ayer

   v.                                          Civil No. 14-cv-261-JL

Robert Heath et al.[1]


### O R D E R

Presently before the court are:

- Plaintiff Daniel Ayer's motions (doc. nos. 29 and 39), seeking reconsideration of the August 18, 2014, Order (doc. no. 26);

- Ayer's motions seeking to amend the complaint (doc. nos. 30 and 36), along with complaint addenda that he filed unaccompanied by any motion (doc. nos. 17, 52, and 53);

- Ayer's motions and related filings seeking preliminary injunctive relief (doc. nos. 21, 27, and 32); and

- Ayer's motions seeking a default judgment (doc. nos. 41 and 42).

All of these filings, and related objections and memoranda, have been referred to the undersigned magistrate judge for a ruling or recommended disposition, as appropriate.  In a Report

---

[1] Defendants originally named in this action are New Hampshire State Prison ("NHSP") Warden Richard Gerry, and NHSP employees Robert Heath and Rick Morrill.  In an order issued August 18, 2014 (doc. no. 26), the district judge dropped Morrill from this action.

and Recommendation issued simultaneously with this Order ("R&R"), this court has recommended that the district judge deny all of the above-listed motions and addenda in their entirety, except Document Nos. 52 and 53, proposed addenda to Ayer's complaint, in which Ayer has stated a claim upon which relief might be granted asserting that he has been harmed by exposure to black mold at the prison, in violation of the Eighth Amendment. Accordingly, in the R&R, the court recommended dismissal of those addenda (doc. nos. 52 and 53), except to the extent they concern the black mold claim.

## Service

As stated above, the court finds that Ayer has asserted a claim upon which relief might be granted concerning his exposure to black mold. Ayer has asserted facts sufficient to assert that claim against defendants Jon Hanson, Robert Heath, Warden Richard Gerry, Major John Fouts, Commissioner William Wrenn, and Christopher Kench. Accordingly, the court now directs service upon Hanson, Fouts, Wrenn, and Kench, and directs Gerry and Heath, who have already been served in this action, to answer the black mold claim.

The Clerk's office is directed to serve electronic copies of this Order, the Report and Recommendation issued simultaneously with this Order, and the docket entries numbered: 1-3, 10-12, 15-18, 21, 26, 27, 29-32, 36, 38, 39, 41-43, 45, and 48-53, on the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service.  Within thirty days from receipt of these materials, the AG must submit an Acceptance of Service notice to the court specifying whether all of the defendants have authorized the AG to receive service on their behalf.  When the AG files the Acceptance of Service, service will be deemed made on the last day of the thirty-day period for all defendants who accept AG representation.

If any defendant does not authorize the AG to receive service on their behalf, or the AG declines to represent any defendant, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of the defendants who will not be represented by the AG.  In that event, the clerk's office is instructed to complete and issue a summons for each defendant, using the last known address provided, and forward the summonses, along with

copies of the documents listed above, to the United States Marshal for the District of New Hampshire, to complete service on those defendants in accordance with this Order and Fed. R. Civ. P. 4(c)(3) and 4(e).

Heath's and Gerry's answer[s], or Rule 12 motion[s], relating to the black mold claim, and to any new factual allegations asserted in the supplemental pleadings (doc. nos. 17, 30, 36, 52, and 53), shall be filed within thirty days of the date of this Order.

### Warning to Ayer Regarding LR 15.1

Ayer's filings in this matter have been frequent, repetitive, and piecemeal.  Further, rather than properly seeking leave to file an amended complaint, pursuant to LR 15.1, Ayer has instead filed addenda and motions to amend his previously filed pleadings and documents, has made repetitive assertions and arguments throughout his pleadings, and has scattered his assertions and arguments within his filings such that the titles of his filings and their contents do not always squarely align.

Mindful of Ayer's pro se status, and the importance of Ayer being able to file pleadings in a manner that will assure that

4

his assertions and arguments are understood and fully considered, as well as the fact that "pro se litigants must comply with procedural rules and substantive law," see Cabacoff v. Wells Fargo Bank, N.A., No. 12-cv-56-PB, 2012 WL 5392545, at *2 (D.N.H. Nov. 5, 2012) (internal quotation marks and citation omitted), the court directs Ayer's attention to this court's local rules concerning motion practice before the court, as well as Federal Rules of Civil Procedure related thereto. In particular, Ayer is directed to LR 15.1, which requires parties seeking to amend a filing to, among other things, attach the proposed amended filing to the motion to amend; identify the new facts, claims, or parties; and explain why the new claims, facts, or parties were not included in the original filing.

### Judicial Conduct Complaint

Ayer has filed a judicial conduct complaint against this magistrate judge, alleging that I have exhibited bias against him in rulings I have made, that he believes to be incorrect, in this case and/or in Ayer's pending habeas action, Ayer v. Gerry, 07-cv-304-SM. A judge must recuse herself, pursuant to 28 U.S.C. § 455 "in any proceeding in which [her] impartiality might be reasonably questioned." A judge should ordinarily

5

continue to preside over any case assigned to her in which there is no objective basis for recusal.  Further, courts must be careful to resist strategic moves by a disgruntled party to remove a judge whose rulings the party dislikes.  Thus, the fact that a litigant has filed a complaint against a judge arising from the judge's work in the case does not automatically require the judge to recuse herself from that case.  Baldi v. Broderick, No. 04-cv-466-01-PB, 2006 WL 3731302, *1 (D.N.H. Dec. 18, 2006).  I do not have, and have not had, any bias against Ayer.  Here, neither the fact nor the substance of Ayer's complaint presents cause for me to recuse myself in this matter.

## Conclusion

The court now directs as follows:

    1.   The action will be served, as directed in this Order, on defendants Jon Hanson, Major John Fouts, Commissioner William Wrenn, and Christopher Kench.

    2.   Defendants Heath and Gerry are directed to file their answer[s] or Rule 12 motion[s], as directed in this Order, within thirty days of the date of this answer.

3.   Should Ayer, in the future, seek to amend his complaint or any other document he has filed, such a filing must be made in accordance with LR 15.1, as well as any relevant Local Rules of this court and the Federal Rules of Civil Procedure.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

December 2, 2014

cc:  Daniel Ayer, pro se
     Megan A. Yaple, Esq.
     Nancy J. Smith, Esq.