UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel Ayer

   v.                                            Civil No. 14-cv-261-JL

Robert Heath et al.[1]

### REPORT AND RECOMMENDATION

Presently before the undersigned magistrate judge are:

- Plaintiff's "Addendum to Original Complaint as it Relates Back" (doc. no. 57), which is here for preliminary review, pursuant to LR 4.3(d)(1).

- Plaintiff's "Motion to Amend Emergency Motion for Preliminary Injunctive Relief and a Protective Order, ECF Docket No. 17 ¶ 51 Page 2, 4. Ln 2 and add New Hampshire Department of Corrections as a Defendant" (doc no. 71), which is here for a recommendation as to disposition; and "Defendants' Objection to Plaintiff's Most Recent Motion, ECF Docket No. 71" (doc. no. 72).

### Background

In this action, two claims have survived preliminary review. First, Ayer asserts that defendants violated his First Amendment right by improperly firing him from his kitchen job in retaliation for exercising his right to petition the government

---

[1] Defendants presently in this case are: William Wrenn, Commissioner of the New Hampshire Department of Corrections ("DOC"); Christopher Kench, former assistant to the DOC Commissioner; Richard Gerry, former New Hampshire State Prison ("NHSP") Warden; and NHSP employees Robert Heath, Jon Hanson, and Maj. Jon Fouts.

for a redress of grievances.  Second, Ayer alleges that defendants have violated his Eighth Amendment right to humane conditions of confinement by exposing him to black mold in the prison kitchen.

## Motion to Amend Standard

In general, a motion to amend to add new defendants or new claims to an action should be liberally granted.  See Fed. R. Civ. P. 15(a)(2) ("The court should freely grant leave [to amend] when justice so requires."); see also Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (motion to add parties is in general evaluated using "same standard of liberality" that applies to motions to add new claims).  The court may deny a motion to amend "for any adequate reason apparent from the record," including futility of the proposed amendment.  Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (internal quotation marks and citation omitted).

## Discussion

I. **Medical Care (Doc. No. 57)**[2]

In the motion to amend docketed as document no. 57, Ayer attempts to add facts to his previously-dismissed Eighth

---

[2]The court construes the "Addendum to Original Complaint" (doc. no. 57) to be a motion to amend the complaint.

2

Amendment claim concerning medical care for his knees and feet. To state a claim for an Eighth Amendment violation relating to medical care, a plaintiff must allege facts showing, among other things, that defendants were deliberately indifferent to a serious medical need.  See Leavitt v. Corr. Med. Servs., 645 F.3d 484, 497 (1st Cir. 2011).  The additional facts indicate that Ayer disagrees with the particular treatment provided to him for his foot, and the he objects to the delay in treating his knees.  Deliberate indifference is not shown, however, "where the dispute concerns . . . the choice of a certain course of treatment."  Kosilek v. Spencer, 774 F.3d 63, 92 (1st Cir. 2014) (internal quotation marks and citation omitted), cert. denied, 135 S. Ct. 2059 (2015).  Accordingly, Ayer has failed to state sufficient facts to resurrect his previously-dismissed claim for a denial of medical care, and his motion to amend (doc. no. 57), should be denied.

**II.   Word Change (Doc. No. 71)**

Ayer asks the court to change the words "no reason" to "retaliation" in a filing which he describes as document no. "17."  It appears that Ayer in fact intended to refer to document no. 27, as "no reason" appears in that document on page 3 at paragraph 4, but the phrase does not appear in document no. 17 in precisely the manner described by Ayer.  Document no. 27

is a motion to amend Ayer's request for a preliminary injunction; this court's December 30, 2014, Order (doc. no. 60) denied both the motion to amend and the underlying request for a preliminary injunction.  The requested word change would not, if applied, alter the meaning of the paragraph at issue in document no. 27, or otherwise affect this court's construction of document no. 27 or document no. 17.  Accordingly, the motion (doc. no. 71) seeking to change certain words in Ayer's filing should be denied as moot.

### III. New Hampshire Department of Corrections (Doc. No. 71)

Ayer seeks to add the New Hampshire Department of Corrections ("DOC") to this action as a defendant to claims asserted under 42 U.S.C. § 1983.  Plaintiff's claims for damages against the DOC are barred by the Eleventh Amendment.  See Town of Barnstable v. O'Connor, 786 F.3d 130, 138-39 (1st Cir. 2015); Barrett v. Coplan, 292 F. Supp. 2d 281, 287 (D.N.H. 2003). Accordingly, the motion to amend the complaint to add the DOC as a defendant should be denied to the extent Ayer seeks damages.

To the extent Ayer seeks to add claims for injunctive relief against the DOC, or against defendants in their official capacities, he has failed to allege sufficient facts to state a claim for such relief.  Accordingly, the court should deny Ayer's motion to add the DOC as a defendant to this action.

**Conclusion**

For the foregoing reasons, the court should deny Ayer's motions to amend (doc. nos. 57 and 71). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 19, 2015

cc:  Daniel Ayer, pro se
     Megan A. Yaple, Esq.
     Nancy J. Smith, Esq.
     Laura E.B. Lombardi, Esq.